UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNNETTE BROOKS,

     Plaintiff,

v.                      CASE No. 8:12-CV-898-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

     Defendant.
_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed. Further, the plaintiff's challenge to the Appeals Council's denial of review is undeveloped and, therefore, meritless.

_____

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has a high school education with some college, has worked relevantly as a horse groomer (Tr. 39, 70, 181, 249). She filed a claim for supplemental security income, alleging that she became disabled due to "[k]nee, arm, left hip & neck injuries, depression and anxiety" (Tr. 173). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of history of left hip fracture, history of left shoulder fracture, affective disorder, and drug and alcohol abuse (Tr. 14). He concluded that, with these impairments, the plaintiff has the residual functional capacity (Tr. 16):

> to perform light work as defined in 20 CFR
> 416.967(b) except with a sit/stand option; no
> repetitive bending, stooping or climbing; avoid
> unprotected heights and uneven terrain/surfaces; no
> over the shoulder reaching, bilaterally; and avoid
> all exposure to industrial hazards including moving
> machinery. Furthermore, she would be limited to
> simple routine and repetitive tasks only in the
> unskilled low end of semi-skilled job base. In

addition, only jobs absent stringent production
goals or time targets.

The law judge determined that these restrictions prevented the plaintiff from

returning to her past relevant work (Tr. 21). However, based upon the

testimony of a vocational expert, the law judge found that the plaintiff could

perform jobs that exist in significant numbers in the national economy, such

as small product assembly, poly packer/heat sealer, and merchandise marker

(Tr. 22). The law judge therefore ruled that the plaintiff was not disabled (Tr.

23).

The plaintiff sought review from the Appeals Council, and

submitted additional evidence in support of that request. Nevertheless, the

Appeals Council concluded that the information did not provide a basis for

changing the law judge's decision (Tr. 2). Accordingly, the decision of the

law judge is the final decision of the Commissioner (Tr. 1).

## II.

In order to be entitled to supplemental security income, a

claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff attacks the Commissioner's decision on two grounds. The plaintiff argues first that the law judge's residual functional capacity finding is flawed because it does not fully account for the plaintiff's

upper extremity limitations.[3]  Next, the plaintiff asserts that the Appeals Council erred in denying her request for review based on the treatment notes of Dr. Steven Tresser and Dr. Scott Gargasz, which were submitted at that level of review.  Neither of these contentions warrants reversal.

In particular, the plaintiff contends first that the law judge erred by failing to include in his residual functional capacity limitations for reaching in all directions with the left upper extremity and fingering and handling (Doc. 23, pp. 5-7).  This assertion is without merit.

On April 2, 2009, Dr. Robin Hughes, a consultative examiner, noted that the plaintiff has "marked limited mobility and weakness" in her left shoulder and she "cannot raise her left arm to shoulder level due to her fusion" (Tr. 344).  His neurological examination revealed "grade 3-4/5 weakness of the left shoulder" (Tr. 345).  Dr. Hughes indicated that the plaintiff has reduced passive range of motion in her left shoulder with respect to forward elevation, abduction, adduction, external rotation, and internal rotation (Tr. 346).  He further stated that there are "[n]o restrictions with

---

[3]The plaintiff has not asserted any challenges to the law judge's findings regarding any other physical problems or her mental condition.  In light of the requirements of the scheduling Order (Doc. 14, p. 2), any such arguments are deemed waived.

gross or fine dexterity of hands.  Claimant is able to pick[]up coins, button shirts and use a pen" (Tr. 344).

The plaintiff complains that the law judge "only cited those parts of the examination that would support his residual functional capacity and omitted that portion which would support the claimant's contentions" (Doc. 23, pp. 6-7).  The plaintiff's contention is unpersuasive for two reasons.

In the first place, the Commissioner points out that the plaintiff has not pointed to any specific examination findings that the law judge omitted in his decision (Doc. 24, p. 6).  This is significant in light of the requirement of the scheduling Order that directs the plaintiff to support each discrete challenge by citation to the record of the pertinent facts (Doc. 14, p. 2).

Moreover, substantial evidence supports the law judge's finding that the plaintiff's reaching is limited only to above the shoulder.  The law judge pointed out that no treating or examining doctor had opined any greater limitation (Tr. 20).  Further, Dr. Audrey Goodpasture, a nonexamining reviewing physician, marked a box indicating that the plaintiff was limited in "[r]eaching all directions (including overhead)" (Tr. 374).  In accordance with

the form's instructions to explain "how the activities checked 'limited' are impaired," Dr. Goodpasture stated that the plaintiff was limited to occasional overhead bilateral reaching status post shoulder surgery and cervical spine fusion (id.). In other words, Dr. Goodpasture opined that the plaintiff was only limited to overhead reaching. Accordingly, the law judge expressly rejected the assertion that the plaintiff would have difficulty reaching forward (Tr. 22). The plaintiff certainly has not pointed to any evidence that would compel a contrary conclusion. Adefemi v. Ashcroft, supra.

Notably, the plaintiff cannot controvert the law judge's finding regarding reaching by reliance on her own testimony. The law judge discounted her testimony to the extent that it was inconsistent with the residual functional capacity assessment (Tr. 17). The plaintiff has not challenged the law judge's credibility determination.

Similarly, the law judge's determination that the plaintiff did not have any limitation in gross and fine manipulation is supported by substantial evidence. Thus, Dr. Hughes specifically said there are "[n]o restrictions with gross or fine dexterity of hands" (Tr. 344). Dr. Goodpasture agreed (Tr. 374). There were no medical reports opining limitations on gross or fine

-8-

manipulation. Obviously, the plaintiff cannot point to evidence compelling

a contrary conclusion under these circumstances.

Consequently, the plaintiff's challenge to the law judge's

decision fails.

The plaintiff also asserts that the Appeals Council erroneously

denied her request for review (Doc. 23, pp. 7-9). In this regard, the plaintiff

argues that the Appeals Council erred by failing to find that records from Dr.

Steven Tresser and Dr. Scott Gargasz were material to the period of time

being adjudicated (id., p. 7).

As indicated, the plaintiff submitted additional evidence to the

Appeals Council in connection with her request for review. The Appeals

Council considered that evidence but "found that this information does not

provide a basis for changing the Administrative Law Judge's decision" (Tr.

2). It explained (id.):

> We also looked at medical records from Scott S.
> Gargasz, dated January 3, 2011 to November 14,
> 2011; Shrinath Kamat, M.D., dated January 27,
> 2011 to October 27, 2011; Steven J. Tresser, M.D.,
> dated April 6, 2011; Suman Bhat, M.D., dated July
> 6, 2011 to July 8, 2011; and St. Joseph's

> Community Care, dated September 12, 2011 to
> October 26, 2011.

> The Administrative Law Judge decided your case
> through November 19, 2010.   This new
> information is about a later time. Therefore, it does
> not affect the decision about whether you were
> disabled beginning on or before November 19,
> 2010. We are forwarding this new information to
> the Hearing Office for use in your new claim.

The regulations provide that the Appeals Council will review a

case if, among other things, "[t]he action, findings or conclusions of the

administrative law judge are not supported by substantial evidence."   20

C.F.R. 416.1470(a)(3).   The regulations provide further (20 C.F.R.

416.1470(b)):

> In reviewing decisions based on an application for
> benefits, if new and material evidence is submitted,
> the Appeals Council shall consider the additional
> evidence only where it relates to the period on or
> before the date of the administrative law judge
> hearing decision.... It will then review the case if
> it finds that the administrative law judge's action,
> findings, or conclusion is contrary to the weight of
> the evidence currently of record.

Judicial review of the Appeals Council's consideration of new

evidence is governed by <u>Ingram</u> v. <u>Commissioner of Social Security</u>

<u>Administration</u>, 496 F.3d 1253 (11th Cir. 2007). The Eleventh Circuit sought

to clarify in Ingram the law concerning the nature and extent of judicial review of new evidence that was first presented to the Appeals Council. In my view, Ingram held that, when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. See Tucker v. Astrue, 2008 WL 2811170 (M.D. Fla. 2008). This assessment is undertaken to determine whether there has been a violation of 20 C.F.R. 416.1470(b), which directs which cases the Appeals Council will review.

The plaintiff, therefore, has to overcome three hurdles in order to prevail on her Ingram claim. Thus, she must show (1) that the evidence relates to the period on, or before, the date of the law judge's decision, (2) that the evidence is material, and (3) that the Appeals Council erred in deciding that the law judge's findings were not contrary to the weight of all the evidence. The plaintiff has not even meaningfully addressed these hurdles, much less shown that she can overcome them.

The Appeals Council considered the new evidence, and, after noting that the report dates were all weeks, or months, after the law judge's

decision, concluded that the evidence was about a time after the law judge's decision so that it did not affect that decision (Tr. 2). The plaintiff has made no attempt to show, by citation to that evidence, that any of it relates to the period on, or before, the law judge's decision. Consequently, she has failed to demonstrate that under §416.1470(b) the Appeals Council was obligated to review the case.

Furthermore, even if the plaintiff had shown that at least some of the evidence related to the period prior to the law judge's decision, the plaintiff would still have to show that the new evidence was material in order to invoke §416.1470. While the plaintiff makes the conclusory assertion that, if the law judge had the records from Dr. Tresser and Dr. Gargasz, "there is a reasonable probability that the decision would have been different" (Doc. 23, p. 8), the plaintiff has not cited to anything in the doctors' records in support of that assertion. Accordingly, the plaintiff has failed to establish that the new evidence is material, as required by §416.1470.

Finally, the plaintiff has not even acknowledged the need to show that the Appeals Council's denial of review was erroneous because, in light of the new evidence, the law judge's decision was contrary to the weight

of all the evidence. Such a contention would require a review of the evidence already in the record, coupled with an explanation how the new evidence changes the weight of the evidence. There is nothing in the plaintiff's memorandum which remotely suggests such an argument. The plaintiff therefore failed to show that the Appeals Council erred in denying the request for review.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 8th day of July, 2013.

Thomas S. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE